JOHN G. WELD *vs.* WINTHROP A. STILES.

Suffolk. November 16, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Implied in law. *Sale,* Rescission for failure of consideration.

In an action to recover $275 paid by the plaintiff to the defendant for the chassis of a motor car that had been injured by fire, where there was evidence that the plaintiff had paid the price agreed upon and as between the parties had acquired title to the chassis but that the defendant refused to deliver it or to give a good title to it, it was *held* that the plaintiff was entitled to go to the jury.

CONTRACT for failure to deliver the chassis of a motor car or to return to the plaintiff $275 paid by the plaintiff therefor. Writ in the Municipal Court of the City of Boston dated March 1, 1916.

The declaration was as follows:

"And the plaintiff says that on or about the 7th day of January, A. D., 1916, the defendant agreed with the plaintiff to sell and to deliver to him, the said plaintiff, a certain automobile chassis for the sum of Two Hundred Seventy-five Dollars ($275), which sum of money the plaintiff paid to the defendant forthwith. That subsequently on or about the 1st day of February, A. D. 1916, the defendant refused to deliver to the plaintiff the said automobile chassis, although demand for the same was made by the plaintiff of the defendant. Neither has the defendant paid back to the plaintiff the sum of $275 which was paid by the plaintiff to the defendant as aforesaid.

"Wherefore the plaintiff says that he is entitled to his damages from the defendant."

The defendant's answer was a general denial.

On removal to the Superior Court the case was tried before *O'Connell,* J. The evidence is described in the opinion. The bill

of exceptions, besides the statement of the evidence described in the opinion, contained the following statement:

· "The plaintiff rested, and the defendant testified in his own behalf that on January 7, 1916, he owned this burned chassis, which he sold; that he bought it of the Liverpool and London and Globe Insurance Company and paid for it by his check; that the owner of the automobile originally, before it was burned, was a man named Connolly; that after it was burned he held it. He was ready to give it up. He did not refuse to give it up, not definitely. He wanted to show his power before he gave it up. He did not refuse absolutely to give it up. That was laying down there. Nobody had claimed it. The insurance company did not want it. They sold it to the defendant and the defendant sold it to the plaintiff."

The defendant made a motion in writing asking the judge "to direct a verdict for the defendant for the reason that upon the pleadings and the evidence the plaintiff was not entitled to recover." The judge denied the defendant's motion and refused to direct a verdict for the defendant. The jury returned a verdict for the plaintiff in the sum of $287; and the defendant alleged exceptions.

*C. W. Rowley*, for the defendant.

*W. F. Davis, Jr.*, for the plaintiff, submitted a brief.

CARROLL, J. The plaintiff bought from the defendant on January 7, 1916, a burned automobile, paying therefor the sum of $275. He testified that it then became his property, and that the defendant was unable to make delivery of the machine. There was also evidence that the defendant said that, "on account of certain complications with the insurance company, this burned chassis at Newport he was absolutely unable to make delivery of, this automobile, or to give good title of the same to Mr. Weld." The defendant denied that he was unable to deliver the automobile. His contention was that it was to be taken by the plaintiff "just where it laid; that the defendant was under no obligation whatever to do any other thing" and "knew of no reason why Mr. Weld could not go down there and get it." The jury found for the plaintiff. The defendant moved in writing to have the judge direct a verdict in his favor, and to the denial of this motion by the judge the defendant excepted.

The declaration is for breach of an executory contract of sale. The trial proceeded on the ground of an actual sale. No question of pleading was raised and the motion of the defendant did not directly call the judge's attention to this point. In view of the evidence and the conduct of the parties, we treat the case as that of an actual sale. See *Lafrance* v. *Desautels*, 225 Mass. 324.

As there was evidence for the jury that the defendant refused to make delivery or to give good title to the property sold, although fully paid therefor, the judge could not grant the defendant's motion.

*Exceptions overruled.*